```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

FIREMAN'S FUND INSURANCE COMPANY,  )
etc.,                              )
                                   )
                Plaintiff,         )
                                   )
      v.                           )    No. 07 C 3324
                                   )
PRATT & WHITNEY POWER SYSTEMS,     )
INC., et al.,                      )
                                   )
                Defendants.        )
```

MEMORANDUM OPINION AND ORDER

Fireman's Fund Insurance Company as subrogee of R.S. Maher & Son, Inc. ("Maher") has filed its First Amended Complaint ("FAC") against Pratt & Whitney Power Systems, Inc. ("Pratt & Whitney") and Integrated Separation Solutions, LLC ("ISS"), charging each of them with negligence that caused the total wipeout of a containerized load that struck an Interstate 90/94 overpass near downtown Chicago (Maher was transporting the load). Pratt & Whitney has also advanced a Third-Party Complaint against ISS, contending that the latter must bear any responsibility for the over-$250,000 damage claim that might possibly be placed on Pratt & Whitney's doorstep.

With the parties having reached the stage at which a joint final pretrial order should be completed, looking toward an early trial, this Court inquired whether Pratt & Whitney could indeed shift liability to ISS even if some degree of negligence on Pratt & Whitney's part might be ascribed to its involvement. In

response to that inquiry Pratt & Whitney has submitted its Memorandum on the Issue of Indemnification, buttressed by relevant caselaw on the subject, and ISS has filed its Memorandum in Support of Its Affirmative Defenses Alleging Contributory Negligence.

As to the latter memorandum, ISS' submission points only to asserted negligence on Maher's part, while the authorities that have been tendered by Pratt & Whitney stand for the proposition that the hold-harmless and indemnification provision of the Purchase Order under which ISS provided the unit to be constructed inside a standard 40' x 8' x 8' cargo container was unconditional, obligating ISS to its terms even if such indemnification protected Pratt & Whitney against its own negligence.

All of that being the case, this Court anticipates that the forthcoming trial will resolve itself to a dispute between Fireman's Fund and ISS, with Pratt & Whitney playing only the role of an onlooker (unless some question exists as to ISS' financial ability to satisfy any judgment that might be entered against it). This Court will await the submission of a final pretrial order pursuant to which the case can go to trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2009