IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIREMAN'S FUND INSURANCE COMPANY,  )
etc.,                              )
                                   )
              Plaintiff,           )
                                   )
    v.                             )   No. 07 C 3324
                                   )
PRATT & WHITNEY POWER SYSTEMS,     )
INC., et al.,                      )
                                   )
              Defendants.          )

MEMORANDUM OPINION AND ORDER

This memorandum opinion and order takes off where this Court's April 24, 2009 memorandum opinion and order ("Opinion") left off.[1]  Within a few days after issuance of the Opinion Integrated Separation Solutions, LLC ("ISS") moved for reconsideration, with its counsel explaining that he had not understood this Court's earlier inquiry as asking for ISS's take as to the impact on the Third Party Complaint brought against it by Pratt & Whitney Power Systems, Inc. ("Pratt & Whitney") if the latter were found to have been negligent.  Although that seemed a bit myopic on counsel's part, this Court readily granted leave to ISS to file a memorandum on the subject.

That has been done, and this Court finds it wholly unpersuasive as a challenge to the conclusion reached in the Opinion.  That is not at all because ISS does not set out the

---

[1] For that reason this opinion not only assumes familiarity with the Opinion but will not repeat any material part of what was said there.

correct formulation--it properly says that the construction of the indemnification provision contained in the Purchase Order is a question of law for the court (ISS Mem. 4), that the initial question to be addressed in that respect is whether the contractual provision at issue is unambiguous (<u>id</u>.) and that the Purchase Order's indemnification paragraph is indeed unambiguous (ISS Mem. 6 speaks of what "the alleged indemnity provision clearly provides").

Where ISS and its counsel go astray is in ignoring the scenario in which the question of indemnification can arise in the first place. In relevant part the contractual provision obligates ISS (emphasis added):

> <u>to protect, defend, hold harmless and indemnify the Buyer</u> [Pratt & Whitney] and its affiliated companies and their respective directors...<u>from and against any and all claims for loss...directly or indirectly caused by, incident to, or growing out of</u> defects in the design, manufacture or materials used in the goods, or <u>negligence in</u> the manufacture or installation of the goods or <u>any other services</u> or the breach of any warranties contained in this order.

Here the subject of the Purchase Order was not only the manufacture of a large and expensive unit but also the containerization of that unit in a 40' x 8' x 8' container for shipping purposes--an integral (indeed, a vital) part of the transaction. True enough, ISS and not Pratt & Whitney was responsible for doing that, just as it was for the manufacture of the unit. But what ISS's counsel has missed is that the only

2

context in which the question posed by this Court can arise is in a circumstance in which Pratt & Whitney would be held liable to the plaintiff for *its* involvement in "other services"--in this instance, in the shipment and delivery of the unit that were necessary to bring it from the place of its "manufacture" to the place of its "installation."

It is an understatement to say that ISS's counsel skirts that issue. Here is what ISS Mem. 6 says:

> It is clear that the indemnity limitation applies only as to ISS' own liability, not as to the negligence of PWPS. Indeed, PWPS was not responsible for the design, manufacture or materials used in the water system. Moreover, PWPS was not responsible for the manufacture or installation of the goods.

But the point is that the plaintiff--Fireman's Fund Insurance Company ("Fireman's Fund") as subrogee of R.S. Maher & Son, Inc. ("Maher")--charges that Pratt & Whitney was negligent in carrying out its role in rendering the "other services" essential to the completion of the contracted-for work. That role, as FAC ¶21 alleges, embraced Pratt & Whitney's having filled out the bill of lading that it issued with incorrect information about the container's actual size--information on which Maher assertedly relied and that led to the destruction of the unit when the vertical clearance below a highway bridge proved inadequate.

That may or may not be found by the trier of fact to constitute negligence on Pratt & Whitney's part, but FAC ¶21 expressly frames that as the basis for Fireman's Fund's potential

3

recovery against Pratt & Whitney.  And that brings the claim squarely within the scope of the indemnification provision and thus calls into play the authorities cited in Pratt & Whitney's earlier memorandum, which this Court found persuasive in issuing the Opinion.  This Court accordingly reconfirms the conclusion reached in the Opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 4, 2009