```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

```
FIREMAN'S FUND INSURANCE COMPANY,  )
etc.,                              )
                                   )
                 Plaintiff,        )
                                   )
     v.                            )     No.  07 C 3324
                                   )
PRATT & WHITNEY POWER SYSTEMS,     )
INC., et al.,                      )
                                   )
                 Defendants.       )
```

MEMORANDUM ORDER

During the course of this morning's status hearing, counsel for defendant-third party plaintiff Pratt & Whitney Power Systems, Inc. ("Pratt & Whitney") raised orally the possibility that R.S. Maher & Son, Inc. ("Maher") should be brought into the action because it might be held to have been negligent in connection with the occurrence that caused the total loss of the Pratt & Whitney machine that it had bought from its codefendant and third party defendant Integrated Separation Solutions, LLC ("ISS").[1]  This Court promptly responded that any such suggestion comes far too late in the day, with discovery having been closed and the case being ready for the establishment of procedures looking to an early trial.

Unfortunately this Court was then under the misapprehension

---

[1] Today's status hearing had been prompted as a follow-up because of this Court's recent issuance of three brief opinions dealing with ISS's affirmative defenses alleging contributory negligence on Maher's part.

that a proposed final pretrial order ("FPTO") had already been jointly submitted by the parties, while in fact its chambers folder labeled "FPTO" contained only a document bearing that label and an April 6, 2009 forwarding letter from counsel for plaintiff Fireman's Fund Insurance Company ("Fireman's Fund) that read:

> Enclosed please find a courtesy copy of the Final Pretrial Order which has been filed with the ECF Filing System today, Monday, April 6, 2009.

Not only should that document not have been filed, but the only lawyer's signature that it contained was that of Fireman's Fund's counsel.

This Court's subsequent review of its chambers file has thus confirmed that the proposed FPTO, which the first of the three opinions referred to in n.1 identified as necessary for entry by this Court so that the case could go to trial, has not yet been tendered. Accordingly the parties' counsel are ordered to disregard the oral directive (and implementing minute order) that this Court has issued earlier today. They are instead ordered to submit a proper jointly prepared proposed FPTO to this Court's chambers (<u>not</u> to file that document) on or before June 19, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 12, 2009